Duer, J.
The answer cannot be struck out as frivolous, since, upon the face of the pleadings, the denial of notice is certainly a material issue; and in judging of the materiality of an issue, I have no right to look beyond the pleadings. Nor can the denial of notice, upon information and belief, be regarded as evasive, since a notice may have been duly served, (by a delivery to a clerk or otherwise,) which never came to the knowledge of the defendants. The rule in equity upon which the plaintiff’s counsel relied, is only applicable where the fact, which is denied upon information, must necessarily have been, if true, within the personal knowledge of the party.
As to the second ground of the motion, I may be entirely satisfied that the answer is put in merely for delay; but, to justify me in treating it as a “ sham” answer, I must also be satisfied that it is false in fact, and was known to be so to the defendants. The answer is verified by the oath of one of the defendants, and whether a motion to strike out an answer thus verified as “ sham,” can be entertained at all, may be seriously doubted. It is a question, however, which it is not necessary that I should now consider, especially as the objection was not raised by the counsel for the defendants.
If the denial of notice is to be understood in its plain and literal sense, it is not pretended to be false. It is not asserted that notice of' the demand and refusal of payment was in fact given, but it is contended that, as the want of funds in the bank superseded the necessity of such a notice, and could be given in evidence under the general averment in the complaint, the *667 denial ought to be construed as broadly as the averment, and that, thus construed, it is certainly false.
The plaintiff’s counsel was probably justified in saying, that according to the decisions in this state, in suits upon promissory notes and bills of exchange, facts excusing the necessity of a demand and of notice, although not stated in the declaration, might have been given in evidence, under the averments that the demand was made and the notice given ; but he was wrong in supposing that this lax and deceptive mode of pleading, which conceals from the defendant a knowledge of the facts upon which the plaintiff means to rely, is sanctioned by the code. It is one of the merits of the code, that general averments and general issues, which conveyed no information to the opposite party, and were frequently construed in a sense not only different from, but directly opposite to, that which their terms imported, are now abolished. The plaintiff must now state in his complaint, all the facts which constitute the cause of action, and I am clearly of opinion that every fact is to be deemed constitutive, in the sense of the code, upon which the right of action depends. Every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly averred ; and ¿very such averment must be understood as meaning what it says, and, consequently, is only to be sustained by evidence which corresponds with its meaning.
In this present case, if notice was not in fact given to the defendants, it is upon the want of funds in the bank, that the plaintiff’s right of action entirely depends. It is this fact which if denied by the defendants, he will be bound to prove, and which he must therefore aver in his complaint, in order that they may admit or deny it in their answer. They have a right to say, that the averment in the complaint, as it stands, means that notice was in fact given, not that it was not given and was unnecessary. It is therefore such a notice, and not the want of funds, that they have denied.
I observe, in conclusion, that the object of the new rules of pleading, which, as established by the j udges, have prevailed in *668 England for several years past, is in many respects tbe same as that of our code, and that, under these rules, it is now settled that facts dispensing with presentment or notice, such as absence of effects in the drawee’s hands, or a countermand of payment by the drawer, must be specially alleged in the declaration, and that proof of these facts is inadequate to'the support of a positive averment of presentment, protest,.or notice. (Byles on Bills, 319, 320.)
The motion in both its branches must be denied, but, as the questions are in a manner new, without costs ; and I shall also permit the plaintiff, without costs, to amend his complaint, by striking out the averment of notice, and inserting one corresponding with the facts as they have now .been disclosed.